**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| CARD ACTIVATION TECHNOLOGIES, INC., ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> THE TJX COMPANIES, INC, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 07-CV-6289 <br><br> Judge Guzman <br><br> Magistrate Judge Cole |

**ANSWER TO CARD ACTIVATION TECHNOLOGIES'**
**COMPLAINT AND COUNTERCLAIMS**

Defendant The TJX Companies, Inc. ("TJX") responds to the allegations in the Complaint of Card Activation Technologies, Inc. ("CAT") as follows:

**JURISDICTION AND VENUE**

1.  This is a civil action for patent infringement, injunctive relief and damages arising under the United States Patent Act, 35 U.S.C.§1, *et. seq.* Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §1331 and 1338(a). Defendant, TJX, is a Delaware corporation. TJX is an apparel and home fashions department store chain. TJX owns and operates various retail stores including but not limited to T.J. Maxx stores throughout the United States and specifically within this judicial district. TJX is registered as a foreign corporation in Illinois. Defendant is subject to personal jurisdiction in this Court and is amenable to service of process in Illinois.

**ANSWER:** TJX admits that CAT purports to assert claims for relief arising under the United States Patent Act, 35 U.S.C. § 1, *et seq.*, and that this Court has jurisdiction over such claims pursuant to 28 U.S.C. §§ 1331 and 1338(a). TJX admits that it is a Delaware corporation. TJX admits that its subsidiaries include apparel and home fashions department store chains. TJX admits that it and its subsidiaries operate various retail stores, including but not limited to T.J. Maxx stores throughout the United States. TJX admits that its subsidiaries operate

stores within the Northern District of Illinois.  TJX denies that it is registered as a foreign corporation in Illinois.  TJX admits that this Court has personal jurisdiction over it, and TJX is amenable to service as alleged.

      2.    Venue lies in this District pursuant to 28 U.S.C. §1391(b) and (c), and 1400(b)

**ANSWER:** TJX admits that venue is proper in this District.

## PARTIES

      3.    Plaintiff is a corporation incorporated under the laws of the state of Delaware, with its office in Chicago, Illinois.

**ANSWER:** TJX admits that Plaintiff is a corporation incorporated under the laws of the state of Delaware, with its office in Chicago, Illinois.

      4.    TJX is a corporation organized under the laws of the state of Delaware. TJX operates stores selling, among other things, apparel and home fashions, in the United States and specifically in the Chicagoland area.

**ANSWER:** TJX admits that it is a corporation organized under the laws of the state of Delaware.  TJX admits that it and its subsidiaries operate stores selling, among other things, apparel and home fashions, in the United States.  TJX admits that its subsidiaries operate stores selling, among other things, apparel and home fashions in the geographical region in and around the city of Chicago, Illinois.  Except as expressly admitted, TJX denies the averments of paragraph 4 of the Complaint.

## INFRINGEMENT

      5.    Plaintiff is the owner of United States Patent No. 6,032,859 entitled "Method for Processing Debit Purchase Transactions Using a Counter-Top Terminal System", issued on March 7, 2000 ("859 patent") and which is a valid and enforceable patent.  A true and correct copy of the 859 Patent is attached hereto as Exhibit 1.

**ANSWER:** TJX admits that what is purported to be a copy of U.S. Patent No. 6,032,859 ("the '859 patent") is attached to the Complaint as Exhibit 1, and that according to the

face of that attachment, the '859 patent is titled "Method for Processing Debit Purchase Transactions Using a Counter-Top Terminal System" and was issued by the United States Patent and Trademark Office (the "PTO") on March 7, 2000.  TJX denies that the '859 patent is a valid and enforceable patent.  Except as expressly admitted or denied, TJX lacks sufficient knowledge or information to form a belief concerning the averments of paragraph 5 of the Complaint.

6. Defendant has directly infringed, induced infringement of, and contributorily infringed the 859 Patent and continues to do so by using, contributing to the use of and inducing others to use the methods claimed in the 859 Patent, and will further continue to do so unless enjoined by this Court.

**ANSWER:**  TJX denies the averments of paragraph 6 of the Complaint.

7. Defendant's infringement is willful and deliberate, in that the Defendant has been informed of the 859 Patent but yet the Defendant continues to directly and indirectly infringe the 859 patent.

**ANSWER:**  TJX admits that it has been informed of the '859 patent.  Except as expressly admitted, TJX denies the averments of paragraph 7 of the Complaint.

## DEFENDANT TJX'S AFFIRMATIVE DEFENSES

As and for its affirmative defenses to the Amended Complaint, defendant TJX alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
### (Invalidity)

8. The '859 patent is invalid for failure to comply with 35 U.S.C. §§ 102, 103, and/or 112.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

9. TJX is not infringing and has not infringed the '859 patent, either directly, by contribution, or by inducement.

3

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

10. CAT's claims are barred, in whole or in part, by reason of the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

11. By virtue of statements made, amendments made, or positions taken during the prosecution of the applications for the '859 patent, CAT is estopped from asserting that the '859 patent covers or includes any accused TJX product or method.

### FIFTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

12. CAT's claim for damages for alleged infringement is limited by the provisions of 35 U.S.C. § 287.

### TJX'S COUNTERCLAIMS

13. Pursuant to Fed. R. Civ. P. 13, Defendant TJX, for its counterclaims against CAT, alleges as follows:

### PARTIES

14. TJX is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at 770 Cochituate Road, Framingham, Massachusetts 01701.

15. Upon information and belief, CAT is a Delaware corporation with its principal place of business at 33 West Jackson Blvd., Suite 1618, Chicago, Illinois 60604-3749.

### JURISDICTION AND VENUE

16. This action arises under the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202, based on an

4

actual justiciable controversy between TJX and CAT.  This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a) and 2201.

17.  Venue is proper in this Judicial District under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).

**FIRST COUNTERCLAIM**
**(Invalidity of the '859 patent)**

18.  TJX repeats, reiterates and realleges each and every allegation in paragraphs 14 through 17 of its Answer to CAT's Complaint and Counterclaims.

19.  There is an actual case or controversy between TJX and CAT concerning the alleged infringement of the '859 patent by virtue of the allegations of the Complaint and TJX's Answer to CAT's Complaint and Counterclaims in this action.

20.  Each claim of the '859 patent is invalid for failure to meet one or more of the provisions governing patentability specified in 35 U.S.C. §§ 102, 103, and/or 112.

21.  TJX requests a judgment declaring that the '859 patent are invalid.

22.  CAT's conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285, entitling TJX to an award of costs, expenses and reasonable attorneys' fees.

**SECOND COUNTERCLAIM**
**(Noninfringement of the '859 patent)**

23.  TJX repeats, reiterates and realleges each and every allegation in paragraphs 14 through 22 of its Answer to CAT's Complaint and Counterclaims.

24.  There is an actual case or controversy between TJX and CAT concerning the alleged infringement of the '859 patent by virtue of the allegations of the Complaint and TJX's Answer to CAT's Complaint and Counterclaims in this action.

25.  TJX has not and does not infringe, contribute to the infringement of, or actively induce others to infringe the '859 patent.

26. TJX requests a judgment declaring that TJX does not infringe the '859 patent.

27. CAT's conduct renders this an exceptional case within the provisions of 35 U.S.C. § 285, entitling TJX to an award of costs, expenses and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, TJX prays that judgment be entered in its favor, including:

A. Adjudging that the '859 patent is invalid;

B. Adjudging that the '859 patent is not infringed by TJX;

C. That CAT's claims be dismissed in their entirety with prejudice and that CAT take nothing from its Complaint;

D. Preliminarily and permanently enjoining CAT, its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with them, from directly or indirectly charging or instituting an action for infringement of the '859 patent against TJX or any person or entity in privity with TJX, including without limitation TJX's successors, assigns, agents, suppliers, and customers;

E. Adjudging this to be an exceptional case and awarding TJX its costs, expenses, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

      F.      Awarding to TJX such other and further relief as the Court may deem just and proper.

                THE TJX COMPANIES, INC.

                By: /s/ Stephen J. Rosenfeld
                      One of its Attorneys

Steven P. Mandell (ARDC # 6183729)
Stephen J. Rosenfeld (ARDC # 6216769)
Natalie A. Harris (ARDC # 6272361)
MANDELL MENKES LLC
333 West Wacker Drive, Suite 300
Chicago, IL 60606
312-251-1000

OF COUNSEL:

Dalila Argaez Wendlandt
ROPES & GRAY LLP
One International Plaza
Boston, MA 02110-2624
617-951-7000
167932

7